**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TRIMAINE LAMONT VICK, )<br>)<br>Petitioner, )<br>vs. )<br>)<br>MICHAEL K. ADDISON, Warden, )<br>)<br>Respondent. ) | NO. CIV-05-0238-HE |

**ORDER**

Petitioner Trimaine Lamont Vick, a state prisoner appearing *pro se*, instituted this action under 28 U.S.C. § 2254 seeking habeas relief. Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Gary M. Purcell, who has issued his Report and Recommendation, recommending that the petition be denied. An objection has been filed by the petitioner.

The petitioner is challenging his convictions for murder in the first degree, conspiracy to commit a felony, robbery with a firearm, assault with a dangerous weapon, and pointing a firearm at another. After these convictions and accompanying sentences were affirmed on appeal,[1] the petitioner sought federal post-conviction relief on essentially the same grounds raised in his direct appeal.

In his habeas petition the petitioner asserts seven grounds for relief. In ground one he contends the trial court's removal of a juror for misconduct – sleeping during proceedings

---

[1] *The petitioner was convicted of two counts of robbery with a firearm. The Oklahoma Court of Criminal Appeals reversed and dismissed one of the convictions because it was the underlying felony for the felony murder conviction and merged with it. Opinion, Oklahoma Court of Criminal Appeals, March 31, 2004, p. 7 (Attachment #1 to Petition for Writ of Habeas Corpus).*

– violated both state law and <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986). The magistrate judge rejected this claim noting that, to the extent the petitioner was relying on state law, his claim was not cognizable in a federal habeas proceeding as there was no showing that the alleged state error deprived him of fundamental rights guaranteed by the Constitution. He also rejected the petitioner's <u>Batson</u> claim, determining that the petitioner failed to overcome the presumption of correctness accorded the finding of the Oklahoma Court of Criminals Appeals ("OCCA") that the petitioner did not make a prima facie showing of discrimination in the juror's removal. The magistrate judge also rejected the petitioner's double jeopardy claim (ground two); his due process claim premised on the testimony of Taneka Miller pertaining to another crime allegedly involving the petitioner (ground three);[2] his claim that he was denied a fair trial by the admission of evidence that bolstered the testimony of the prosecution witness who made a pretrial identification of the petitioner from a photographic line-up;[3] his claim of prosecutorial misconduct (ground five),[4] and his claim that his trial

---

[2]*The court sustained the petitioner's objection to the testimony and admonished the jury to disregard the witness' statement.*

[3]*The petitioner claimed only an error of state law as the basis for this claim, which the magistrate judge concluded did not warrant habeas relief. He found the petitioner had failed to show that he had been deprived of a fundamental constitutional right by Detective Sterling's testimony pertaining to the pretrial identification, the prosecutor's references during closing argument to the photographic line-up and the eyewitness' pretrial identification, or by the admission of the photographic line-up.*

[4]*Noting the overwhelming evidence of the petitioner's guilt, the magistrate judge concluded that, with the exception of the prosecutor's comment on the petitioner's right to remain silent, none of the alleged instances of misconduct by the prosecutor "so infected [the] trial with unfairness as to render his convictions a denial of due process." Report and Recommendation, p. 19. After considering the factors listed by the Tenth Circuit in <u>Sallahdin v. Gibson</u>, 275 F.3d 1211, 1230-31 (10th Cir. 2002), the magistrate judge concluded that the prosecutor's comments on the petitioner's*

counsel was ineffective (ground six).[5]

In his final ground for relief the petitioner asserts that the cumulative effect of various errors deprived him of a fair trial. The magistrate judge rejected this claim, noting that cumulative error analysis applies when there are two or more actual errors, and only one was found to have occurred at petitioner's trial.[6]

In his objection to the Report and Recommendation, the petitioner essentially reurges most of the arguments presented to the magistrate judge,[7] Considering de novo his grounds for relief, the court concurs with Magistrate Judge Purcell's thorough and well-reasoned analysis of the evidence, the OCCA's opinion and applicable law, and adopts his Report and Recommendation. Accordingly, the petition for writ of habeas corpus is **DENIED.**

---

*right to silence and to an attorney were harmless error.*

[5]*The petitioner's ineffective assistance claim was premised on his counsel's asserted failure to impeach adequately two key prosecution witnesses with their prior inconsistent statements. The OCCA concluded that because of the overwhelming evidence of guilt presented at the trial, the petitioner could not satisfy the prejudice prong of the Strickland test. The magistrate judge found that this decision was not contrary to or an unreasonable application of the Strickland standard.*

[6]*That error was found by the magistrate judge not to have had a substantial and injurious influence or effect on the jury's verdict.*

[7]*The prosecutor's comments, via questioning of a detective, on the petitioner's right to silence and to consult an attorney before talking to police, was the only basis for the petitioner's prosecutorial misconduct claim that the petitioner specifically discusses in his objection. He appears to be incorporating the other bases included in his habeas petition when he states that he would like for "the Court to consider those supporting facts to his proposition." Objection, p. 9, ¶ 2.*

**IT IS SO ORDERED**.

Dated this 24th day of October, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE